UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JAIRE MCALLISTER, LEISHAU MCALLISTER,
MONAI MCALLISTER, JEMEIL DEFREITAS,
ANDREW GORDON, NATHANIEL WASHINGTON,
KATIA LUCIEN,

                Plaintiffs,    **FIRST AMENDED COMPLAINT AND JURY DEMAND**

     -against-    18 CV 2672 (AMD)(RLM)

THE CITY OF NEW YORK, MIGUEL GONZALEZ,
CAROLYN NITOWITZ, RADOSLAW TUROWSKI,
AADIL ISHAQ, BRIAN BARTLEY, JOSEPH GULOTTA,
SGT. CHARLES, JOHN DOES #1-10,

                Defendants.
-------------------------------------------------------------X

The Plaintiffs, JAIRE MCALLISTER, LEISHAU MCALLISTER, MONAI MCALLISTER, JOHNNY LEE ALICEA, JEMEIL DEFREITAS, ANDREW GORDON, NATHANIEL WASHINGTON, and KATIA LUCIEN by their attorney, The Rameau Law Firm, allege the following, upon information and belief for this First Amended Complaint:

**INTRODUCTION**

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the common law of the State of New York, against the individual police officers identified herein and their employer, the City of New York.

## PARTIES, VENUE AND JURISDICTION

2. Plaintiff JAIRE MCALLISTER is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

3. Plaintiff LEISHAU MCALLISTER is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

4. Plaintiff MONAI MCALLISTER is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

5. Plaintiff JEMEIL DEFREITAS is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

6. Plaintiffs ANDREW GORDON is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

7. Plaintiff NATHANIEL WASHINGTON is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

8. Plaintiff KATIA LUCIEN is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

9. At all relevant times hereinafter mentioned, Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

10. At all relevant times hereinafter mentioned, defendant MIGUEL GONZALEZ, was employed by the City of New York as a member of the NYPD. Gonzalez is sued in his individual and official capacities.

11. At all relevant times hereinafter mentioned, defendant CAROLYN NITOWITZ, was employed by the City of New York as a member of the NYPD. NITOWITZ is sued in her individual and official capacities.

12. At all relevant times hereinafter mentioned, defendant RADOSLAW TUROWSKI, was employed by the City of New York as a member of the NYPD. TUROWSKI is sued in his individual and official capacities.

13. At all relevant times hereinafter mentioned, defendant Sergeant AADIL ISHAQ, was employed by the City of New York as a member of the NYPD. ISHAQ is sued in his individual and official capacities.

14. At all relevant times hereinafter mentioned, defendant sergeant BRIAN BARTLEY, was employed by the City of New York as a member of the NYPD. BARTLEY is sued in his individual and official capacities.

15. At all relevant times hereinafter mentioned, defendant inspector JOSEPH GULOTTA was employed by the City of New York as a member of the NYPD. GULOTTA is sued in his individual and official capacities.

16. At all relevant times hereinafter mentioned, defendant Sergeant CHARLES, was employed by the City of New York as a member of the NYPD. CHARLES is sued in his individual and official capacities.

17. At all relevant times hereinafter mentioned, defendants John Does One through Ten were individuals employed by the City of New York as members of the NYPD whose actual and complete identities are not known to plaintiffs at this time. The Doe defendants are sued herein in their individual and official capacities.

18. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as well as 42 U.S.C. §1983

19. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## **FACTUAL ALLEGATIONS**

20. On or about September 5, 2016, at approximately 7:20 pm, plaintiffs were in the area of 505 Utica Avenue in the County of Kings, City and State of New York.

21. Defendant officers, including defendants MIGUEL GONZALEZ, CAROLYN NITOWITZ, RADOSLAW TUROWSKI, AADIL ISHAQ, BRIAN BARTLEY, JOSEPH GULOTTA and SGT. CHARLES approached plaintiffs without justification or provocation and assaulted a number of the plaintiffs.

22. Defendant officers then handcuffed plaintiffs, threw them into a police van and transported the plaintiffs into the 67th Precinct.

23. Plaintiffs were denied plaintiffs' requests for medical assistance.

24. At no point in time was it reasonable or necessary to use any force against the plaintiffs, much less the force that was actually used, nor could a reasonable officer have believed that the use of such force was reasonable or necessary.

25. While at the station house, defendant Gonzalez, Turowski and Nitowitz created arrest paperwork in which they claimed that defendant Nitowitz observed plaintiffs committing various crimes.

26. At no point did the defendants observe plaintiffs committing any crimes or offenses.

27. Gonzalez, Turowski, Nitowitz, and the other defendants knew, at the time that Gonzalez, Turowski, and Nitowitz were drafting the arrest paperwork, that plaintiffs had not engaged in the conduct as alleged.

28. The defendants Miguel Gonzalez, Carolyn Nitowitz, Radoslaw Turowski, Aadil Ishaq, Brian Bartley, Joseph Gulotta and Sgt. Charles each knew that these allegations were being drafted, and that they would be forwarded to the Kings County District Attorney's Office (KCDA) in order to cover up their misconduct and to persuade the KCDA to initiate criminal charges against plaintiffs.

29. The defendants knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against plaintiffs, would rely on the truthfulness of their claims and statements, and would proceed on an assumption that all of these factual statements and claims were truthful in all material respects, and that no material or exculpatory information had been withheld.

30. Ultimately plaintiffs were transported from the police precinct to the Kings Central Booking where plaintiffs spent additional several hours in custody.

31. All charges against plaintiffs were false and ultimately dismissed.

32. At all relevant times herein, the defendants were on duty and acting within the scope of their employment.

33. At all relevant times herein, each of the individual defendants participated directly in the assault on plaintiffs and the affirmative efforts to cover up that assault thereafter.

6

34. The defendants attempted to cover up their use of excessive force against plaintiffs by lying about their actions and otherwise failing to report their actions.

35. To the extent that any of the defendants did not participate personally in this misconduct and assault on plaintiffs, each such defendant was aware of the misconduct, yet failed to take any reasonable steps or make any reasonable effort to prevent or limit such misconduct.

36. Thus, each defendant is responsible for the assault on plaintiffs and the subsequent cover up both for his direct participation in this conduct and his failure to intervene in his co-defendants' misconduct.

37. In so doing, the individual defendants engaged in a joint venture and assisted each other in performing the various actions described, and lent each other their physical presence and support, as well as the authority of their office during these events.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. §1983**

38. Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

39. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

40. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the

First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C.§ 1983.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

43. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

44. The acts complained of deprived plaintiffs of his rights not to have excessive force imposed upon him, not to have summary punishment imposed upon him and to receive equal protection under the law.

### SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

45. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

46. As a result of defendants' aforementioned conduct, plaintiffs were subjected to an illegal, improper and false arrest by the defendants and taken

into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

47. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, and they were put in fear for his safety, were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. §1983

48. Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

49. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff's constitutional rights.

50. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

### FOURTH CLAIM FOR RELIEF
### UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

51. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

52. Defendants searched plaintiffs in the absence of any individualized reasonable suspicion that plaintiffs were concealing weapons or contraband.

53. As a result of the foregoing, plaintiffs were subjected to an illegal and improper search.

54. The foregoing unlawful search violated plaintiffs' constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

55. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

56. Defendants misrepresented and falsified evidence before the District Attorney.

57. Defendants did not make a complete and full statement of facts to the District Attorney.

58. Defendants withheld exculpatory evidence from the District Attorney.

59. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs.

60. Defendants lacked probable cause to initiate criminal proceedings against plaintiffs.

61. Defendants acted with malice in initiating criminal proceedings against plaintiffs.

62. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs.

63. Defendants lacked probable cause to continue criminal proceedings against plaintiffs.

64. Defendants acted with malice in continuing criminal proceedings against plaintiffs.

65. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

66. As a result of the foregoing, plaintiffs sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of their constitutional rights.

67. Defendants arrested plaintiffs in order to obtain a collateral objective outside the legitimate ends of the legal process.

68. Defendants acted with intent to do harm to plaintiffs without excuse or justification.

69. As a result of the foregoing, plaintiffs sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

### SIXTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

70. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

71. Defendants issued legal process to place plaintiffs under arrest.

72. Defendants arrested plaintiffs in order to obtain a collateral objective outside the legitimate ends of the legal process.

73. Defendants acted with intent to do harm to plaintiffs without excuse or justification.

74. As a result of the foregoing, plaintiffs sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## SEVENTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE

75. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

76. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

77. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

78. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## EIGHTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

79. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

80. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

81. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

82. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

83. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by as alleged herein.

84. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

85. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

86. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs's constitutional rights.

87. All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

a) Not to have summary punishment imposed upon him; and

b) To receive equal protection under the law.

88. As a result of the foregoing, plaintiffs sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

### NINTH CLAIM FOR RELIEF
### CONSPIRACY TO VIOLATE PLAINTIFFS' CIVIL RIGHTS

89. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

90. Defendants conspired and acted in concert to do whatever was necessary, lawful or not, to cause the arrest, prosecution, pretrial detention, conviction and imprisonment of plaintiffs.

91. Throughout the period of the conspiracy, the defendants pursued their objectives with actual malice toward plaintiffs, with utter and deliberate indifference to and disregard for plaintiffs' rights under the Constitution and

laws of the United States, without probable or reasonable cause to believe plaintiffs guilty of any crime.

92. Pursuant to the conspiracy, the conspirators, and their employees, agents and servants, intentionally, recklessly, negligently, and/or with complete indifference to the rights of plaintiffs manufactured false evidence.

93. The aforesaid conduct of defendants operated to deprive plaintiffs of important and well-established rights under the Constitution and the laws of the United States including, but not limited to, his rights:

a) Not to be deprived of his liberty or to be arrested, detained or imprisoned except upon probable cause to believe him guilty of a crime, under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

b) Not to be deprived of his liberty or to be arrested, indicted, prosecuted or imprisoned based upon evidence fabricated by a government official;

c) The foregoing violations of plaintiffs' constitutional rights by defendants directly and proximately caused plaintiffs' arrest, detention, imprisonment and deprivation of liberty.

## TENTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL

94. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

95. The individual defendants created false evidence against

Plaintiffs.

96. The Individual defendant forwarded false evidence to prosecutors in the Kings County District Attorney's office.

97. In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

98. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiffs;

(d) Award reasonable attorneys' fees and costs to the plaintiffs pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiffs hereby demands a jury trial.

DATED:    September 17, 2018
         Brooklyn, New York

_____
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiffs*

TO:    All Defendants
       Corporation Counsel of the City of New York